UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONALD A. McCORD,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>    Defendant. | Civil File No. 07-3992 (JNE/FLN)<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, an inmate at the Hennepin County Adult Detention Center in Minneapolis, Minnesota, commenced this action by filing a self-styled complaint that includes allegations of "False Imprisonment, Malicious Prosecution, [and] Violation of Due Process and Civil Rights." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff alleges that "on or about September 14, 2006, [his] liberty was restricted without warrant by members of the Minneapolis Police Department, while acting on behalf

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the very limited information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

of the state of Minnesota." (Complaint, [Docket No. 1], p. 1.) It appears that he was handcuffed and taken into custody, and that he has been detained at all times thereafter.

Plaintiff alleges that he "was not brought before a magistrate within the time constitutionally required by law." (Id., p. 2.) He further alleges that he has been "prosecuted without probable cause and due process of law by prosecutors acting on behalf of the State of Minnesota," and that some unnamed Minneapolis police officers have "offered false information in order to cause and aid the malicious prosecution." (Id.)

Based on these meager and conclusory allegations, Plaintiff is now attempting to sue a single named Defendant – the State of Minnesota. He is seeking a judgment against Defendant that would award him "relief of liberty and five million dollars for damages."

## II.  DISCUSSION

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who is attempting to sue a governmental entity, (i.e., the State of Minnesota), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to plead any actionable claim for relief against the named Defendant for several reasons.

A. <u>Inadequate Factual Allegations</u>

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). <u>See</u> also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions"); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See</u> also <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

Plaintiff's present complaint fails to state an actionable claim for relief, because it does not include any factual allegations describing anything that the named Defendant purportedly did, or failed to do, that could entitle Plaintiff to any judgment against

Defendant. Plaintiff has not alleged any facts showing that the State of Minnesota itself did anything, (or failed to do anything), that could cause it to be liable to Plaintiff. Instead, it clearly appears that Plaintiff is attempting to sue the State of Minnesota based solely on some alleged misconduct by some unidentified state agent(s) or employee(s).

It is well-settled, however, that in a federal civil rights action, a governmental entity cannot be held vicariously liable for the wrongful acts or omissions of its agents or employees, because the doctrine of <u>respondeat superior</u> does not apply to such actions. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a governmental entity, (such as the State of Minnesota), a complaint must include specific factual allegations showing how that particular entity directly caused a violation of the plaintiff's constitutional rights. Because the current complaint does not include any such allegations against the State of Minnesota, Plaintiff has failed to state any actionable civil rights claim.

B. <u>Claims Barred by Heck v. Humphrey</u>

Even if Plaintiff had alleged some facts showing that the State of Minnesota somehow violated his federal constitutional rights, his present civil rights action would be barred by the Supreme Court's decisions in <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In both of those cases, the Court held that habeas corpus is the exclusive federal remedy for a litigant "who challenges the fact or duration of his confinement and seeks immediate or speedier release." <u>Heck</u>, 512 U.S. at 481, citing <u>Preiser</u>, 411 U.S. at 488-90.

In this case, Plaintiff has specifically requested a judgment that would grant him "liberty" from his current confinement. Because Plaintiff is seeking an expedited release

from custody, his lawsuit is barred by Heck and Preiser.

    C. Eleventh Amendment Immunity

Finally, the Court finds that this lawsuit is barred by the Eleventh Amendment. It is well-settled that states and their agencies are immune from suit in federal court under the Eleventh Amendment, unless Congress has abrogated the state's immunity by some express statutory provision, or the state has consented to be sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This immunity applies "regardless of the nature of the relief sought." Id.

Congress did not lift the states' Eleventh Amendment immunity when it enacted the federal civil rights laws, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and the State of Minnesota has not waived its immunity and consented to be sued in this case. Therefore, Plaintiff's lawsuit against the State of Minnesota is barred by the State's Eleventh Amendment immunity.

### III.  CONCLUSION

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action,

Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2]  He has not paid any part of the fee to date, so he still owes the full $350.00 at this time.  Hennepin County Jail officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Lastly, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

    4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September  19 , 2007

                                          s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 9, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.